

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00070-CR

SHELTON WADE MONTGOMERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 4762, Honorable Stuart Messer, Presiding

October 22, 2013

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Shelton Wade Montgomery, appeals his two convictions for aggravated sexual assault of a child. His four issues involve the 1) sufficiency of the evidence underlying the jury's verdict, 2) trial court's exclusion of evidence pertaining to a tear in the child's hymen, 3) trial court's refusal to submit an instruction on a lesser included offense, and 4) State's investigative procedure and how it purportedly violated his right to due process of law. We affirm.

Issue One -- Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to support the jury's verdict. This is purportedly so because the events related by the child victim were inconsistent, other witnesses proffered by the State simply reiterated what the child told them, and law enforcement personnel conducted an incomplete investigation. We overrule the issue.

The pertinent standard of review is well-known. Rather than reiterate it, we cite the parties to recent authority on the matter. *See e.g., Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). To this we add the observation that the testimony of the complainant alone, if believed by the jury, may be sufficient to support the conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2012); *Jensen v. State*, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). In other words, it need not be corroborated.

Via the indictment, the State accused appellant of "on or about the 29th day of January, 2011" 1) . . . "intentionally or knowingly caus[ing] the penetration of the sexual organ of ANK, a child who was then and there younger than 14 years of age, by defendant's finger" and 2) "intentionally or knowingly caus[ing] the penetration of the sexual organ of ANK, a child who was then and there younger than 14 years of age, by defendant's tongue." When called to address these accusations, the girl testified that appellant committed the described acts. That is, she said that while in the kitchen of their house on January 29, 2011, appellant came in, started wrestling with her in a playful manner, began touching her breasts, and eventually placed his finger and tongue inside her vagina. This is some evidence upon which jurors could rationally

2

conclude, beyond reasonable doubt, that the allegations contained in the indictment were true.

That there may have been contradictions within the youth's discussion of other incidents did not obligate the fact-finder to deem her comments about the January 29th event incredible. It was free to accept or reject them. And, as noted by appellant in his brief, while her recollections of the prior instances of assault may have differed at times, "the versions all share the ultimate accusation that the wrestling [between the victim and appellant] was a precursor to allegations that [a]ppellant sexually assaulted [the child] with his finger and his tongue." By its verdict, the jury opted to believe the child, and we are prohibited from simply substituting our own perceptions of the evidence for those of the jury.

Issue Two -- Exclusion of Evidence

Appellant next contends that the trial court erred by excluding testimony regarding the child's prior "sexual act" involving a boyfriend allegedly penetrating her vagina with his finger. The evidence, allegedly, was admissible to explain medical evidence of a tear found on the girl's hymen and to rebut her testimony that she had not engaged in prior sexual activity with individuals other than appellant. We overrule the issue.

Whether to admit a particular piece of evidence is a matter which lies within the trial court's considered discretion. *Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). We will not interfere with the exercise of that discretion unless we find it to have been abused. *Id.* And, that occurs when the trial court so deviates from applicable guidelines and principles as to place the ruling outside the zone of reasonable disagreement. *Id.*; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

3

Next, Texas Rule of Evidence 412 prohibits the admission of evidence regarding a victim's previous sexual conduct unless it falls within five exceptions. The exceptions are that the evidence 1) is necessary to rebut or explain scientific or medical evidence offered by the State, 2) concerns past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior underlying the offense charged, 3) relates to the motive or bias of the alleged victim, 4) is admissible under rule 609, or 5) is constitutionally required to be admitted. TEX. R. EVID. 412(b)(2). Yet, even if falling within the scope of an exception, the evidence may nonetheless be excluded when its probative value does not outweigh the danger of unfair prejudice. TEX. R. EVID. 412(b)(3); *Landry v. State*, 958 S.W.2d 942, 943-44 (Tex. App.—Beaumont 1998, pet. ref'd); *see Hood v. State,* 944 S.W.2d 743, 746 (Tex. App.—Amarillo 1997, no pet.) (holding that if the evidence falls within any of the exceptions itemized in Rule 412(b)(2) and its probative value outweighs the danger of unfair prejudice, it is admissible).

As suggested by appellant, this court has held that evidence of the victim's engagement in prior sexual acts could be admissible. For instance, in *Hood*, the State offered evidence of tears in the thirteen year old's hymen as proof of penetration by the accused. Because the latter was prevented from asking whether the victim engaged in sexual acts with others before the alleged assault and which acts involved vaginal penetration, we concluded that the trial court erred. *Hood v. State*, 944 S.W.2d at 747. This was so because an affirmative answer could have been viewed as an alternative explanation for the tears.

4

The circumstances at bar differ from those in *Hood* in several important aspects, however. For instance, unlike the testifying nurse there, the one here explained how she could not attribute the tear to a particular cause.[1] That is, she told the jury that:

it's not definitive as to how the trauma happened. It could be penetration. It could also be a normal variance of her developmental stage. Once she is growing, things stretch, and it could have torn on its own, or it could have been penetration. It was not definitive.

* * * * *

I was not able to tell what caused the penetration -- or the tear to the hymen.

The trial court here, unlike the one in *Hood*, also conducted an in camera hearing to clarify the nature of the evidence sought to be proffered. During the proceeding, the court heard that the victim's current boyfriend had told an investigating officer that she had been "fingered" by a prior boyfriend sometime before January 29, 2011. The investigating officer apparently included the statement in a police report, and it was that statement appellant hoped to present to the jury. But, that was not the only evidence taken at the hearing. The witness also testified that 1) she (the victim) "just said he used his finger on her. That's all she said," and 2) ". . . he didn't actually go inside of her with his finger, he just kind of rubbed her. That's what she told me." Also testifying in the hearing, ANK 1) denied being "digitally penetrated" by an earlier boyfriend, 2) disclosed that she had thwarted his effort to penetrate her, and 3) affirmed that her current boyfriend "misheard me."

After hearing what the two youths had to say, the trial court opted to exclude the evidence. In doing so, it observed that "both witnesses that [the defense] . . . put on . . .

---

[1] While it may be that the State proffered evidence of the tear to support an inference that appellant had penetrated her, appellant does not assert a point of error involving whether the medical evidence legally supports that inference. Nor does he contend that evidence of the tear was inadmissible given the absence of medical evidence establishing its cause. Thus, we need not address those issues.

have not given evidence of penetration . . . with that limited testimony, the probative value is outweighed by the prejudicial value, and I am not going to allow you to go into that using the balancing test . . . considering that the witnesses . . . I mean, his statement on the stand today was that . . . she told me he touched her with his finger . . . ."

Rule 412 strives to balance a defendant's right to defend himself against the need to protect victims from undue public humiliation and ridicule. *See Landry, supra.* Here, the trial court sought to strike and succeeded in striking the appropriate balance. Neither witness was going to testify that ANK had been "fingered" or "digitally penetrated" by a prior boyfriend. And, the probative value of the utterance recorded by the officer was diminished when the youth revealed what was actually said to him. This left ANK in the position of risking ridicule or humiliation from having private facts made public when those private facts did not serve to explain the presence of the tear in her hymen.[2] Consequently, the ruling of the trial court fell within the zone of reasonable disagreement and constitutes a legitimate exercise of discretion.

*Issue Three – Lesser-Included Offense*

In his third issue, appellant contends that the trial court erred by failing to instruct the jury on the lesser included of indecency with a child by exposure or contact.[3] We overrule the issue.

---

[2] Appellant suggested below that disclosure of the boyfriend's comment to the officer would serve to discredit or impeach the victim's testimony about not having been previously subjected to conduct like that perpetrated by appellant. Yet, again, the evidence admitted at the in camera hearing indicates that the victim never said that which the boy told the officer. So, disclosing the boy's comment to the officer had little to no impeachment value, and the trial court was within its discretion to exclude it as being too prejudicial under Rule 412(b)(3).

[3] Appellant only briefs the possibility of obtaining an instruction on the lesser included offense of indecency with a child by contact. Nothing is said of indecency by exposure. Consequently, any purported mistake regarding the submission of an issue on indecency by exposure was inadequately briefed and, therefore, waived. *McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001).

The test used to determine whether an instruction on a lesser-included offense is required has two prongs. The first mandates that the lesser offense be included within the proof necessary to establish the offense charged, while the second mandates that some evidence appear of record permitting a rational jury to find the accused guilty of only the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Hampton v. State*, 165 S.W.3d 691, 693-94 (Tex. Crim. App. 2005).

The evidence purportedly entitling appellant to the instruction sought consisted of the following: 1) appellant would begin the assaults by wrestling or tickling the girl; 2) his conduct would progress to touching her breasts and possibly her vaginal region; 3) upon being so touched, the girl would "zone out," "blank out," or "blackout"; and 4) eventually she would awaken to find her clothes off. From this, appellant deduced that if she had blacked out then she could not testify about whether he penetrated her with his tongue or finger. And, unless the State proved he so penetrated her, then all he could be guilty of was the lesser offense of indecency.

We are cited to no direct evidence disclosing that appellant did not penetrate the victim. Nor did we find any. Similarly absent is ambiguous or vague evidence that could be reasonably interpreted as suggesting he did not penetrate her. Instead, we are being asked to interpret the evidence about the youth zoning or blacking out as evidence of no penetration. The problem with doing so, however, is that the latter does not naturally flow from the former. That the girl blacked or zoned out provides basis for a fact-finder to question her veracity. In other words, her blacking out could cause one to wonder how she knew what was happening. The effect, then, would be to negate the value of what she said and create an absence of evidence. And, while our days of

7

science classes passed long ago, we still seem to remember that something cannot be manufactured from nothing.

Simply put, evidence disproving the girl's veracity (should it be accepted) does not prove the opposite of what she said. Wondering how she knew she was penetrated is not evidence that she was not penetrated. Concluding otherwise would be akin to saying that an officer's inability to discover a knife purportedly used to commit an assault is evidence that no knife was used; we know that such a proposition was rejected in *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). And, it was in *Hampton* where we were also told that in determining whether the evidence illustrates that the accused committed only the lesser offense, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Id.* at 441. We do not have some evidence directly germane to the lesser-included offense here because there is no evidence illustrating that appellant did not penetrate ANK.

Worthy of mention is one other observation. Appellant actually received the lesser-included offense instruction he desired, at least with regard to count one. Given the jury's verdict, one cannot but reasonably deduce that the jury found the evidence of the girl's blackouts inconsequential. Again, to convict, the jury had to find that appellant penetrated her with his finger. And the evidence of such penetration originated with her. Moreover, the two offenses encompassed in both counts had a common time and place. If she were blacked out during one, she was blacked out for both. Yet, the jury found appellant guilty of aggravated sexual assault alleged in count one despite being afforded the chance to convict him of a lesser offense. So, under the circumstances,

8

we would be hard-pressed to find that omitting the lesser instruction when charging on count two was harmful.

*Issue Four -- Due Process*

In his final issue, appellant contends that his due process rights were violated because the State improperly investigated the allegations. He believed the investigating officer should have collected or searched for additional evidence like the victim's clothing. Forensic evidence appearing on such items, assuming any did, may have exonerated him, in his view. We overrule the issue because it was not preserved.

Below, appellant questioned the investigating officer about the extent of his investigation and his failure to secure and test the victim's clothing. He also discussed what he perceived to be an inadequate investigation during his closing argument. But, we cannot find in the record where appellant described these acts as constituting a denial of due process or where he asked the trial court for some measure of relief due to the officer purportedly denying him due process. Nor did appellant cite us to where in the record either argument was made.

The recent decision of *Pena v. State,* 285 S.W.3d 459 (Tex. Crim. App. 2009) provides us some guidance on the situation at hand. It happened to involve an allegation about due process and lost evidence. Pena had complained about the State's failure to preserve evidence and argued that the default infringed upon his right to due process arising under the United States Constitution. Upon overruling that issue, the intermediate court *sua sponte* considered whether the due course of law provision found in the Texas Constitution afforded greater relief than its federal counterpart. The intermediate court's effort to raise the issue *sua sponte* led the Texas Court of Criminal

9

Appeals to discuss at length the requirement of preserving error under Texas Rule of Appellate Procedure 33.1. What it said follows:

> This Rule encompasses the concept of "party responsibility." The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale. Error preservation does not involve a hyper-technical or formalistic use of words or phrases; instead, "[s]traight forward communication in plain English" is sufficient. To avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." This gives the trial judge and the opposing party an opportunity to correct the error. Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time.

*Pena v. State*, 285 S.W.3d at 463-64 (ultimately holding that the issue was not preserved).

Viewing the context of the argument urged by appellant here, we note that it is one thing to try and raise doubt in a juror's mind by suggesting that more investigative avenues could have been pursued. It is quite another thing to say that the failure to pursue those avenues constituted a violation of due process. Pursuing the former does not *ipso facto* implicate the concepts now mentioned in appellant's brief, those concepts being spoliation, the suppression of exculpatory evidence, bad faith, and due process. Appellant was obligated to clearly convey to the trial court the complaint conveyed to us. By saying nothing of due process, spoliation, the suppression of exculpatory evidence, or the like below, we cannot say he met his burden.

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Publish.