

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00317-CR

CEASAR O. ESCAMILLA                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1284259D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ceasar O. Escamilla appeals his conviction for aggravated sexual assault of a child. Because we conclude that the evidence is sufficient to support the jury's verdict and that trial counsel was not constitutionally ineffective, we affirm.

----

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

When M. was three, her parents, Appellant and Mother, divorced. Appellant and Mother had a discordant relationship. M. lived with Mother and visited Appellant about two weekends every month.

When M. was ten, Appellant began inappropriately touching M. when M. was at Appellant's house. Appellant asked M. to lie down with him on his bed while he watched pornography on the television. Appellant massaged M.'s back, fondled her breasts, and touched her genitals with his hand. Over the years, the abuse progressed to Appellant penetrating M.'s vagina with his penis, penetrating M.'s vagina with a dildo, and putting his mouth on her genitalia. Appellant would use a condom when penetrating her vagina. On occasion, Appellant would cover M.'s face with blankets or pillows while assaulting her. Appellant penetrated M.'s vagina multiple times before and after M. turned fourteen. M. was fifteen the last time Appellant had sex with her.

When M. was thirteen, she told her friend C. that Appellant had raped her. C., who was also thirteen, did not tell anyone about the conversation because M. asked her not to. When M. was approximately fifteen, M. and Mother had a fight, which was not unusual, and M. ran away. Mother called the police and instructed them to take M. to a hospital for a mental evaluation. M. did not tell the responding police officers about Appellant's abuse and could not remember if she told anyone at the hospital about Appellant. A few months later, M. told Mother's friend, M.C., about Appellant's abuse. M.C. told Mother, who called the

2

police. M. described the abuse to a police officer, Sergeant M. L. Marks. M. was taken to a hospital for a physical exam where the examining nurse determined that M. had no hymenal tissue in a portion of her vagina, which was consistent with M.'s allegations that Appellant penetrated her vagina with his penis.[2] M. also described the abuse to the examining nurse.

Appellant denied ever abusing M. and believed that M. made the accusations because he did not buy her a car and because Mother coached M. to do so. Mother also blamed M. for the family's problems after M.'s outcry. Appellant and Mother's older child, V., stated that he had never seen Appellant act inappropriately toward M. and that M.'s allegations strained his relationship with M. Several of M.'s paternal relatives stated that M. had never confided in them about the abuse even though they were a close family.

A grand jury indicted Appellant with (1) sexual assault of a child younger than fourteen by causing M.'s sexual organ to contact Appellant's sexual organ and (2) sexual assault of a child younger than fourteen by causing M.'s sexual organ to contact Appellant's mouth. *See* Tex. Penal Code Ann. § 22.021(a) (West Supp. 2014). After hearing the above evidence, a jury found Appellant guilty of the first count but not guilty of the second count and assessed his punishment at 23 years' confinement. Appellant appeals and argues that the

---

[2]The examining nurse further explained, however, that the missing tissue meant "something went inside the vagina," not necessarily a penis.

evidence was insufficient to support his conviction and that his trial counsel rendered constitutionally ineffective assistance.

## II.  SUFFICIENCY OF THE EVIDENCE

In his second point, Appellant argues that the evidence was insufficient to support his conviction because there was "no physical evidence that Appellant molested his daughter," M. was "unreliable" as a witness and gave "inconsistent testimony," and no other witness corroborated M.'s allegations.

### A.  STANDARD OF REVIEW

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Winfrey*, 393 S.W.3d at 771; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We may not assess the sufficiency of the evidence by focusing on what evidence the State did not introduce. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768. Thus, when performing an evidentiary sufficiency review, we

4

may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We must presume that the fact-finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

### B. APPLICATION

Appellant is correct that no DNA, blood, or photographic evidence connected him to a sexual assault of M. But we may not focus on what evidence is missing. *See Chambers*, 711 S.W.2d at 245. We must focus on the admitted evidence and determine whether the inferences from that evidence are reasonable based upon the evidence's cumulative force when viewed in the light most favorable to the verdict. Similarly, the fact that no other witness corroborated M.'s outcry testimony is not fatal to the jury's verdict because a child complainant's testimony standing alone is sufficient to support a conviction. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 2014). Therefore, the absence of physical evidence or corroboration does not, *ipso facto*, result in a conclusion that the evidence was insufficient to support the jury's verdict. *See*

5

*Cantu v. State*, 366 S.W.3d 771, 776 (Tex. App.—Amarillo 2012, no pet.); *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.).

Appellant next argues that M. was an unreliable and inconsistent witness who could not provide the quantum of evidence necessary to justify his conviction. Appellant points to details in M.'s trial testimony that did not comport with the details given during her outcry and to M.'s admission that she lied about being pregnant when she finally told M.C. about the abuse. This argument strays from the appropriate standard of review. We may not evaluate a witness's credibility as that is the sole province of the fact-finder. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Winfrey*, 393 S.W.3d at 768. Thus, in accordance with this review standard, we look to the cumulative force of the admitted evidence in the deferential light most favorable to the jury's verdict.

The evidence admitted at trial showed that Appellant sexually assaulted M. over a period of years, with many of the abuses including penile penetration when M. was younger than fourteen. Two years before her outcry to M.C., M. confided in C. that Appellant had raped her. When M. was fifteen, M. told police officers and an examining nurse that Appellant had penetrated her vagina with his penis when she was younger than fourteen. Further, the forensic interviewer, who talked to M. shortly after her outcry, testified that M. knew details of the sexual assaults that coached accusers generally do not know. Although the majority of the evidence implicating Appellant was introduced through M.'s testimony, we may not re-evaluate whether M. was credible or not. We may only

6

view her testimony in the light most favorable to the verdict. The cumulative force of this evidence shows that the jury's verdict was based on the reasonable inference that Appellant sexually assaulted M. when she was younger than fourteen. *See, e.g., Torres v. State*, 424 S.W.3d 245, 253–54 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Woolridge v. State*, No. 04-12-00402-CR, 2014 WL 667500, at *5 (Tex. App.—San Antonio Feb. 19, 2014, no pet.) (mem. op., not designated for publication); *Montgomery v. State*, 415 S.W.3d 580, 582 (Tex. App.—Amarillo 2013, pet. ref'd); *Landrum v. State*, No. 10-08-00359-CR, 2010 WL 3342003, at *2–3 (Tex. App.—Waco Aug. 25, 2010, pet. ref'd) (mem. op., not designated for publication); *Martinez v. State*, 313 S.W.3d 358, 363 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Thus, the evidence was sufficient, and we overrule Appellant's second point.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first point, Appellant argues that his trial counsel was constitutionally ineffective for failing to object to the State's closing argument to the jury because the State's argument was improper and prejudicial. Appellant asserts that by failing to object to the argument, trial counsel "effectively foreclosed the possibility of direct appeal of the admission of these arguments."

The test to determine the effectiveness of counsel requires Appellant to show by a preponderance of the evidence that (1) counsel's representation fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for these unprofessional errors, the outcome of the

7

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S. Ct. 2052, 2064–65 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). This statement is true with regard to the deficient-performance prong of the inquiry when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would

8

have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

During the State's closing argument, the prosecutor argued that (1) Appellant's then-current relationship with a much younger woman meant he liked "younger bodies" and showed a predilection toward sexual offenses against children, (2) Appellant's active sex life with his girlfriend showed he was "a pretty sexualized person," (3) Appellant's calm in the face of M.'s accusations indicated his guilt, and (4) M.'s history of cutting herself corroborated her outcry. Appellant asserts many of these arguments were not supported by admitted evidence and characterizes them as "manifestly harmful," "highly prejudicial," "outrageous," "egregious," "absurd," and "bizarre." But Appellant did not cite to any legal authority to support his assertion that the arguments were erroneous. Further, Appellant did not raise these alleged omissions in a motion for new trial and raises them here for the first time. As a result, there is no record by which we may evaluate counsel's reasons for failing to object to these arguments. To conclude counsel's performance was deficient, we would have to engage in prohibited speculation. *See Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011).

Absent a record explaining counsel's reasoning for failing to object, we may not conclude that counsel was constitutionally deficient. *See, e.g.*, *Kuhn v. State*, 393 S.W.3d 519, 539 (Tex. App.—Austin 2013, no pet.); *Paul v. State*, 419 S.W.3d 446, 461–62 (Tex. App.—Tyler 2012, pet. ref'd). Although Appellant is

9

correct that the court of criminal appeals has recognized that some failures by counsel are self-evident such that a record is not necessary to evaluate counsel's performance, this is not such "a rare case." *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005); *see Paul*, 419 S.W.3d at 462 (distinguishing *Andrews* and concluding deficient performance could not be assayed in the absence of a record explaining why trial counsel failed to object to improper jury argument); *Davis v. State*, 830 S.W.2d 762, 766 (Tex. App.—Houston [1st Dist.] 1992, pet ref'd) ("Even the failure to object to improper jury argument does not ordinarily reflect ineffective assistance."). Appellant has not met his burden to show that his counsel's conduct was not the result of a sound trial strategy.[3] We overrule Appellant's first point.

---

[3]Even if defense counsel's failure to object to the prosecutor's closing argument was deficient conduct, the jury heard direct evidence from the complainant on every element of the offense charged. Appellant failed to meet the second prong of *Strickland*—that there was a reasonable probability that the result of the trial would have been different had the objections to the arguments been sustained. *See Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989).

## IV.  CONCLUSION

Having overruled Appellant's points, we affirm the trial court's judgment.
*See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 11, 2014