

In The
Court of Appeals
Seventh District of Texas at Amarillo

---

No. 07-22-00359-CR

---

GLASTON LEE MITCHELL JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 079111-B-CR, Honorable Titiana Frausto, Presiding

---

July 19, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Glaston Lee Mitchell, Jr., was convicted of assault on a family or household member with a previous conviction, enhanced, and sentenced to twenty-five years' imprisonment.[1] In this appeal, Appellant argues that the trial court erred by disqualifying one of his lawyers, excluding evidence of a defensive theory, and erroneously admitting evidence. We affirm.

---

[1] See Tex. Penal Code Ann. § 22.01(a), (b)(2)(A).

# BACKGROUND

Appellant entered a plea of "not guilty" to the charge of assault on a family or household member with a previous conviction, enhanced. The case proceeded to a jury trial. The trial court found Appellant indigent and appointed Amarillo attorney Ethan Murphy to represent him. Murphy contacted the public defender "asking if he could provide . . . a second chair for this case . . . ." The public defender directed him to the Managed Assigned Counsel ("MAC") office, which put him in touch with Ethan Colley, an attorney employed there. According to Murphy, he intended for Colley to help with voir dire and assist in the trial, but Colley would not be questioning any witnesses.

At a pretrial hearing on the day of trial, the trial court heard the State's motion to disqualify lawyers from the Potter and Armstrong County Public Defender office and the MAC office from participating in the case. Colley appeared at the hearing with Murphy.[2] The State argued that there was a conflict of interest because an attorney with the Potter and Armstrong County Public Defender/MAC office had been the prosecutor in Appellant's prior conviction, which was relied on by the State to qualify the instant offense as a felony. The State further argued that Appellant had appointed counsel and was not entitled to "two appointments." Murphy argued that he was allowed to consult with any attorneys of his choosing. The trial court granted the State's motion "out of an abundance of caution." The trial court clarified that Colley could attend the trial and take notes but could not sit second chair on the case.

---

[2] The record does not indicate any involvement by Colley until his appearance on the day of trial.

During the trial, the trial court admitted as evidence, over Appellant's objections, a letter Appellant wrote to the victim of the instant offense and a telephone call he made from jail. The trial court excluded certain evidence tending to show that the victim had made allegations of abuse against Appellant in the past that the State had declined to prosecute.

The jury found Appellant guilty. Appellant pleaded "true" to the allegations in the enhancement paragraphs and the jury assessed punishment at confinement in the Texas Department of Criminal Justice for twenty-five years.

## ANALYSIS

Appellant raises six issues on appeal, one relating to the trial court's disqualification of his second-chair trial counsel and the remaining five relating to the trial court's decisions to admit or exclude certain evidence.

### Right to Counsel of Choice

In his first issue, Appellant asserts that the trial court denied him his right to counsel of his choice by disqualifying Colley. Appellant argues that once counsel has been appointed, he is free to have any other attorney assist in his defense without interference from the trial court. He contends that the denial of Colley's representation qualifies as structural error and entitles him to a new trial. We review the trial court's decision to disqualify an attorney for an abuse of discretion. *See Landers v. State*, 256 S.W.3d 295, 303 (Tex. Crim. App. 2008).

A defendant in a criminal proceeding is guaranteed the right to have assistance of counsel by the federal and state constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. "The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing." *Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003). However, the right to counsel of the defendant's choice is not absolute; it does not extend to defendants who require counsel to be appointed for them. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006).

Appellant relies on *Stearnes v. Clinton*, 780 S.W.2d 216 (Tex. Crim. App. 1989) (orig. proceeding), in support of his argument that his Sixth Amendment right to counsel of choice was violated. We find Appellant's reliance on *Stearnes* to be misplaced. The issue in *Stearnes* was the trial court's interference with an attorney-client relationship created through the appointment of counsel for an indigent defendant. *Id.* at 217. The Court of Criminal Appeals held that a judge may not remove a defendant's appointed counsel without some principled reason. *Id.* at 225. *Stearnes* does not address the issue before us, which is whether the trial court's disqualification of non-court-appointed counsel sitting second chair for appointed counsel violates a defendant's rights under the Sixth Amendment.

We have held that "[a] defendant's Sixth Amendment rights are protected when he has effective assistance from either retained or appointed counsel . . . ." *Arguijo v. State*, No. 07-09-00297-CR, 2010 Tex. App. LEXIS 9017, at *2 (Tex. App.—Amarillo Nov. 10, 2010, no pet.) (mem. op., not designated for publication); *see also Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982) ("Once the court has appointed an

4

attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendment . . . .").  Other Texas courts have further held that a trial court does not violate a defendant's Sixth Amendment right to assistance of counsel when it excludes a non-court-appointed pro bono lawyer from actively participating as co-counsel alongside court-appointed counsel.  *See, e.g., Whitney v. State*, 396 S.W.3d 696, 701 (Tex. App.—Fort Worth 2013, pet. ref'd) (mem. op.); *Martinez v. State*, No. 05-17-00817-CR, 2018 Tex. App. LEXIS 3893, at *13 (Tex. App.—Dallas May 30, 2018, pet. ref'd) (mem. op., not designated for publication) (relying on *Whitney* and *Trammell v. State*, 287 S.W.3d 336, 343–44 (Tex. App.—Fort Worth 2009, no pet.)).

We agree with this reasoning.  Appellant's Sixth Amendment right was secured once the trial court appointed an effective advocate for him.  The trial court's decision to prohibit a non-court-appointed attorney from participating as co-counsel did not violate that right.  *See Gonzalez-Lopez*, 548 U.S. at 151 (right to counsel of choice does not extend to defendant who has appointed counsel); *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.").  Finding no abuse of discretion, we overrule Appellant's first issue.

Admission of Letter and Telephone Call

In his second and third issues, Appellant contends that the trial court erred when it admitted into evidence a letter purportedly written by Appellant and a telephone call

made by Appellant from jail. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Montgomery v. State*, 415 S.W.3d 580, 583 (Tex. App.—Amarillo 2013, pet. ref'd). Admitting evidence in violation of a rule of evidence is considered non-constitutional error. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). We disregard any non-constitutional error that does not affect a defendant's substantial rights. *Jabari v. State*, 273 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2008, no pet.). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. *See* TEX. R. APP. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In making this determination, the appellate court should consider the entirety of the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

At trial, Appellant argued that neither the letter nor the telephone call was relevant and that both items were more prejudicial than probative because the vulgar language and derogatory slurs used by Appellant cast him in a negative light. In response, the State maintained that the letter was relevant to show a dating or family relationship between Appellant and the victim, which was an element of the State's case, and that the phone call was relevant because Appellant made an admission when describing to the

6

call recipient what happened between Appellant and the victim. Agreeing with the State's characterization, we conclude that this evidence was material and not cumulative of other evidence.

However, even if we assume that the trial court erred by admitting these items of evidence, Appellant has not demonstrated how their admission affected his substantial rights. *See* TEX. R. APP. P. 44.2(b). Given the record before us, we have fair assurance that the complained-of evidence had no more than a slight effect on the jury's decision. Accordingly, we overrule Appellant's second and third issues.

Exclusion of Evidence of Prior Allegations

In his fourth and fifth issues, Appellant asserts that the trial court abused its discretion by excluding testimony of the complaining witness and a responding officer about prior allegations made by the witness and the witness's motivation to fabricate. In his sixth issue, Appellant contends that the trial court violated his constitutional right to present a complete defense by excluding this evidence. We review the trial court's decision for an abuse of discretion. *Montgomery*, 415 S.W.3d at 583.

Appellant sought to elicit testimony from the victim and from an Amarillo Police Department officer regarding previous calls the victim made to law enforcement regarding Appellant's conduct. First, Appellant began to question the victim about an incident in January of 2018 in which she called the police and alleged that Appellant was in violation of a protective order. In response to the State's objection, Appellant argued that the evidence was admissible to show that the victim made allegations that were later determined to be unfounded, stating the evidence was offered to "show that she has –

7

she has a pattern of making up stories against [Appellant]." The State replied that such evidence was prohibited under Rule 608. The trial court sustained the State's objection. We find no abuse of discretion in the trial court's decision to exclude this evidence. Appellant's attempt to inquire into the victim's prior accusation that Appellant violated a protective order was for the purpose of attacking the victim's credibility. Under Texas Rule of Evidence 608(b), a party may not offer extrinsic evidence to prove specific instances of a witness's conduct to attack the witness's character for truthfulness. We conclude that the trial court did not err in finding that the proffered evidence was a specific instance of conduct presented only for a general attack on credibility and therefore precluded under Rule 608(b). Issue four is overruled.

Next, Appellant sought to question a police officer who responded to two incidents involving the victim in 2017. In response to the State's objection that the officer's testimony was irrelevant and prohibited under Rule 608, Appellant argued that the proffered testimony was admissible under Rule 404(b) to show the victim's motive. Appellant explained, "We're trying to point out that she has a pattern of behavior in certain situations . . . ." and that "the wanting him out of the house is the motive for calling – contacting the police and making false reports." The State noted that the victim had already testified that she wanted to get Appellant out of her house. Both Appellant and the State questioned the police officer on voir dire examination outside the presence of the jury. He testified that he did not know whether the victim's allegations in 2017 were false. He testified that he documented both sides' version of events but that he could only speculate as to what may have occurred. The trial court then sustained the State's objection.

8

Again, even if we assume that the trial court erred by excluding the officer's testimony about the 2017 allegations, Appellant must demonstrate harm in order to obtain a reversal of the judgment. TEX. R. APP. P. 44.1(a); *see also Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (en banc) (except for "structural" constitutional errors, alleged errors are subject to harmless error analysis). An error affects a defendant's substantial rights when it has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)). An error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

Here, the jury heard evidence that Appellant and the victim were in a volatile relationship, that the victim wanted Appellant removed from her home, and that the victim had contacted law enforcement on previous occasions in an effort to have Appellant ousted. On cross-examination, the victim testified:

Q: So there have been multiple times you've tried to have him evicted?
A: Yes.
Q: You've called the police trying to get him evicted?
A: Yes.
Q: Okay.
A: They said each time I had to file an eviction because he lived there, which is my house. He – I mean, he lived with me, but it was, it's my house.
Q: Okay. So – so this is really about you trying to get him kicked out of the house, correct?
A: I wanted him – him to leave because of the abuse.

9

Thus, Appellant had already established that the victim desired to have him removed from her house and had contacted law enforcement on previous occasions with that objective. This evidence furthered Appellant's defensive theory that the victim may have had an ulterior motive for her allegations. Evidence from the police officer confirming that the victim contacted law enforcement because she wanted Appellant removed from her home in 2017 is cumulative evidence to the same effect.

The standard for the exclusion of cumulative evidence and harmless error dictates that no harm results when evidence is excluded if other similar evidence is admitted. *Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981). Thus, any error in sustaining the State's objection was harmless. We overrule Appellant's fifth issue.

In his final issue, Appellant claims the trial court violated his constitutional right to present a complete defense by excluding the aforementioned evidence of the victim's past conduct. He argues that, even if the exclusion of such evidence was correct under evidentiary rules, it nevertheless prevented him from presenting his defense, causing him harm and necessitating reversal. *See Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006) (explaining that the federal constitution "guarantees criminal defendants a meaningful opportunity to present a complete defense"); *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002) (en banc) (exclusion of defendant's evidence will be constitutional error only if evidence "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense"). However, at trial, Appellant did not raise a constitutional argument for admitting the evidence, cite any constitutional provisions, or refer to his right to present a complete defense. Even constitutional protections may be forfeited on appeal if they are not asserted in the trial

10

court. *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014).

Because Appellant did not express to the trial court that his right to present a complete defense was violated by the exclusion of this evidence, the trial court did not have the opportunity to rule on his contention. We therefore conclude that Appellant failed to preserve his complaint of constitutional error. *See Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018) (to preserve argument that exclusion of evidence violates constitutional principles, defendant must state grounds for ruling sought with sufficient specificity to advise trial court of constitutional issue). Because it was not preserved for appellate review, we overrule Appellant's sixth issue.

## CONCLUSION

Having overruled each issue presented by Appellant, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

11