

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00142-CR

---

LUIS MIGUEL ALEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 076108-E-CR, Honorable Douglas R. Woodburn, Presiding

---

March 5, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant, Luis Miguel Aleman, of two counts of aggravated sexual assault of M.T.,[1] a child younger than 14 years of age, and one count of sexual assault of a child.[2] In a single issue, Appellant asserts the trial court erred by not allowing

---

[1] To protect the privacy of the victim, we identify the child by his or her initials. *See* TEX. CONST. art. 1 § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[2] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (first-degree felony) & § 22.011(a)(2) (second-degree felony).

evidence of: (1) text messages between M.T. and third parties unrelated to Appellant[3] and (2) interview transcripts that would allegedly reveal M.T. failed to mention two prior sexual assaults by family members.[4]  After considering these issues, we affirm.

**Background**

The State's evidence at trial was offered, in part, through the testimony of M.T., who was 19 years old at the time.  M.T. testified that in 2016–2017, when she was 13 to 14 years old, Appellant sexually assaulted her on three different occasions by touching her vagina, making her touch his penis, and penetrating her vagina and anus on two occasions.  When first interviewed at the Bridge Child Advocacy Center in 2017, M.T. described these instances of sexual abuse.  She also stated that no one other than Appellant had ever inappropriately touched her.

During trial, the judge held a hearing *en camera* in compliance with Texas Rule of Evidence 412(c) to determine whether specific instances of M.T.'s sexual activity between 2016 and 2017 were admissible at trial.  Appellant, through his counsel, submitted an offer of proof to show his proposed cross-examination of M.T., as well as example text messages from her cellphone indicating that she sent nude photographs, may have possessed sex tapes, and engaged in phone sex.  Appellant also sought to impeach M.T. regarding a discrepancy in her BCAC interviews in 2017 and 2019, wherein she initially denied other sexual abuse, but then said in her second interview that she was sexually

---

[3] Defense Exhibits Nos. 1, 2, and 3.

[4] Defense Exhibit 4.

abused by her stepfather and uncle when she was seven or eight years old.[5]  At the conclusion of the hearing, the trial court denied Appellant's request.

At the conclusion of Appellant's case-in-chief, his attorney was permitted to make a second offer of proof and call M.T. to the stand again.  During this examination, M.T. admitted she had sent nude photographs of herself to third parties in 2016 and 2017, had made an allegation of sexual assault against another person,[6] and was not truthful during the 2017 interview when denying abuse by others.[7]

Thereafter, the jury found Appellant guilty of two counts of aggravated sexual assault and one count of sexual assault.  Punishment was imposed as follows:

- On the aggravated sexual assault counts: two sentences of thirteen years of confinement, to run concurrently; and

- 10 years of confinement on the sexual assault count, suspended until completion of the aggravated assault sentences whereupon Appellant would be placed on community supervision for 10 years with conditions.

## Standard of Review

Our review is limited to whether the trial court erred in its evidentiary rulings because Appellant does not challenge the sufficiency of the State's evidence underlying his convictions.  We review a trial court's ruling on admissibility of evidence for an abuse of discretion.  *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010).  We will uphold

---

[5] M.T. explained she did not reveal this alleged abuse during her first interview because her mother had failed to do anything about it.

[6] Regarding these allegations, M.T. did not seek help from law enforcement or BCAC.

[7] M.T. also admitted she lied when she sent a message to someone about having a deceased brother and inheriting a car.  She responded, "I was 13.  I would lie about a lot of things."

3

the trial court's discretion unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001). An evidentiary ruling will also be upheld if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

**Analysis**

Relevant here, Rule 412(a) of the Texas Rules of Evidence provides that in prosecutions for sexual assault offenses, reputation or opinion evidence of the victim's past sexual behavior and specific instances of the victim's past sexual behavior are generally inadmissible. Per Rule 412(b), however, such evidence is admissible if, among other things, the evidence:

> (A) is necessary to rebut or explain scientific or medical evidence offered by the prosecutor;
>
> (B) concerns past sexual behavior with the defendant and is offered by the defendant to prove consent;
>
> (C) relates to the victim's motive or bias;
>
> (D) is admissible under Rule 609; or
>
> (E) is constitutionally required to be admitted.

TEX. R. EVID. 412(b)(2)(A-E). Further, even if the evidence falls within the scope of the Rule 412(b) exception, it nonetheless may be excluded if its probative value fails to outweigh its danger of unfair prejudice. *See* TEX. R. EVID. 412(b)(3); *Montgomery v. State*, 415 S.W.3d 580, 583 (Tex. App.—Amarillo 2013, pet. ref'd).

Appellant argues the trial court abused its discretion by finding Defense Exhibits 1 through 4 inadmissible pursuant to Rule 412 because the exhibits would show Appellant

4

lied about her sexual activities with persons other than the Appellant and fabricated her allegations against Appellant. We disagree that the court committed reversible error. Defense Exhibits 1 through 3 allegedly catalog Appellant's sexual activity, but do not fit any of Rule 412's exceptions to the inadmissibility of evidence of specific instances of a victim's past sexual behavior. They are not necessary to rebut or explain scientific or medical evidence offered by the State. Consent is not an issue in this case because the victim was aged 13 to 14 at the time. The evidence, while potentially embarrassing to M.T., shows no nexus to any alleged motive or bias against Appellant or others. Rule 609 is inapplicable here, and we are not faced with a confrontation clause challenge or other issue when the law would require the jury to hear this evidence. Finally, given that the texts do not mention Appellant or relate to M.T.'s accusations against him, the trial court's decision is within the zone of reasonable disagreement regarding whether any minimal probative value would be outweighed by the risk of unfair prejudice and the risk of confusion to the jury.

Defense Exhibit 4 is a video during which M.T. makes two accusations of sexual abuse against M.T. by her stepfather and uncle; these episodes allegedly occurred at least five years before Appellant is accused of committing the acts for which he was convicted. Although evidence of prior accusations of sexual abuse may be admissible to impeach the credibility of a complainant, there must be a showing that such evidence is probative. *Lempar v. State*, 296 S.W.3d 230, 239–40 (Tex. App.—San Antonio 2005, pet. ref'd). "To be considered probative, there must be evidence that the prior accusations were similar to the accusations in the instant case, and there must be evidence the prior accusations were false." *Id.* at 240 (citing *Lopez v. State*, 18 S.W.3d 220, 225–26 (Tex.

Crim. App. 2000)).  In this case, there is no supporting evidence that M.T.'s previous allegations were false.  Under the circumstances, we cannot say the trial court abused its discretion by excluding Appellant's proffered evidence.  Appellant's single issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.