

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00220-CR

ENRIQUE MANUEL ELIZALDE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 078753-A-CR, Honorable Dee Johnson, Presiding

June 15, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant, Enrique Manuel Elizalde, appeals his conviction for the offense of aggravated sexual assault of a child under six years of age[1] and resulting sentence of 25 years' incarceration. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i), (a)(2)(B), (f)(1). This statute was amended in 2025 to make the minimum 25-year sentence applicable when the victim of the offense is younger than 10 years of age at the time of the offense rather than younger than six years of age. *See* Act of June 20, 2025, 89th Leg., ch. 557, § 21, 2025 Tex. Gen. Laws 1313, 1324 (effective Sept. 1, 2025). However, Appellant was convicted of an offense committed before the effective date of this amendment, so, as indicted, the State had to prove that Appellant's victim was younger than six.

BACKGROUND

In late 2019, the Texas Department of Family and Protective Services removed three-year-old G.M. from her biological parents' custody and made a kinship placement with Appellant. In early 2020, G.M. was removed from Appellant's custody when allegations of physical abuse were raised. These allegations were confirmed and Appellant's wife, Magdalena Lucero, was identified as the perpetrator of the physical abuse.[2] At that time, a sexual abuse investigation was also initiated. As part of that investigation, G.M. tested positive for genital herpes. The sexual abuse investigation revealed that G.M. had not been born with any sexually transmitted diseases. Lucero told investigators that she had herpes, which she believed she acquired from Appellant as a result of his being unfaithful during the marriage. Appellant was arrested for and subsequently charged with aggravated sexual assault.

During the subsequent trial, the State admitted a recorded interview between Appellant and law enforcement in which Appellant admitted that he had placed his fingers inside G.M.'s vagina. However, Appellant claimed that he had done so mistakenly believing that G.M. had been Lucero. To refute Appellant's claim of mistake or accident, the State offered the testimony of M.L., Lucero's sister. M.L. testified that, months before G.M. moved into the home and when M.L. was twelve years old, Appellant sexually assaulted her. Ultimately, the jury returned verdicts finding Appellant guilty as charged in

---

[2] Lucero subsequently pleaded guilty to a criminal charge of injury to a child relating to this physical abuse of G.M.

the indictment and recommending a 25-year sentence of incarceration.  The trial court entered judgment on the jury's verdicts.  Appellant timely appealed.

By his appeal, Appellant presents two issues.  Appellant contends, through his first issue, that the trial court abused its discretion when it overruled his Texas Rule of Evidence 403 objection to extraneous offense evidence that he sexually assaulted M.L.  By his second issue, Appellant contends that the evidence is insufficient to support his conviction.

### ISSUE TWO: SUFFICIENCY OF THE EVIDENCE

Because Appellant's second issue would offer the greatest relief if sustained, we will address that issue first.  *Roberson v. State*, 810 S.W.2d 224, 225 (Tex. Crim. App. 1991) (per curiam) (en banc); *Espinal v. State*, 729 S.W.3d 921, 924 (Tex. App.—Amarillo 2026, no pet.).  Here, specifically, Appellant challenges the sufficiency of the evidence regarding whether he acted intentionally or knowingly.

In reviewing the sufficiency of the evidence, we consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023).  The reviewing court considers all of the evidence admitted at trial, including evidence that may have been improperly admitted.  *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

As charged, the State was required to prove beyond a reasonable doubt that Appellant, on or about November 25, 2019, intentionally or knowingly penetrated G.M.'s

sexual organ when she was under six years of age with his finger. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i), (a)(2)(B), (f)(1). A person acts intentionally with respect to the nature or result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id*. § 6.03(a). A person acts knowingly with respect to the nature or circumstances of his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id*. § 6.03(b). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id*.

In the present case, the jury heard evidence that G.M. had acquired genital herpes sometime after her birth, and it is likely that Appellant was the source. In a recorded interview with the police, Appellant admitted that he penetrated G.M.'s genitals with his finger. To counter Appellant's contention that he penetrated G.M.'s sexual organ by mistake, the State admitted evidence that Appellant had, within months of his assault of G.M., sexually assaulted M.L., another young member of the household. Appellant does not contest commission of the offense or G.M.'s age at the time of the offense; rather, he contends that the evidence that he acted intentionally or knowingly is insufficient to support the verdict. The jury could have found Appellant's explanation, contained in his interview, that he thought that three-year-old G.M. was his wife to be incredible. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620, 624 (Tex. Crim. App. 2006) (jury, as sole judge of weight given to evidence, can believe or disbelieve all or any part of evidence).

Having viewed the evidence in the appropriate light, we conclude that a rational jury could find the essential elements of the charged offense beyond a reasonable doubt.

4

Thus, we conclude that the evidence is sufficient to support Appellant's conviction, and we overrule his second issue.

### ISSUE ONE: EXTRANEOUS OFFENSE EVIDENCE REGARDING M.L.

By his first issue, Appellant contends that the trial court abused its discretion when it overruled his Rule 403 objection to extraneous offense evidence that he sexually assaulted M.L. Appellant contends that the present offense and the evidence of his assault of M.L. are too dissimilar to overcome his Rule 403 objection.

Whether to admit particular evidence is a matter which lies within the trial court's considered discretion. *Montgomery v. State*, 415 S.W.3d 580, 583 (Tex. App.—Amarillo 2013, pet. ref'd) (citing *Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006)). We will not interfere with the trial court's exercise of that discretion unless we find that the ruling so deviates from applicable guidelines and principles as to place it outside the zone of reasonable disagreement. *Id*.

Rule 403 allows for the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence is more probative than prejudicial. *Wells v. State*, 558 S.W.3d 661, 669 (Tex. App.—Fort Worth 2017, pet. ref'd) (citing *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006)). Appellant bears the burden to overcome this presumption. *Id*. When an objection under Rule 403 is made, the trial court applies the following balancing criteria: (1) the inherent probative force of the evidence along with (2) the

5

State's need for the evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Id*.

We conclude that Appellant failed to overcome this presumption. Appellant argued that he was not guilty of the charged offense because he inserted his finger into G.M.'s sexual organ accidentally thinking that she was Lucero. This argument increased the probative force of evidence of a separate sexual assault against another minor in Appellant's household within months of the charged offense.[3] *See id*. at 670 (evidence of other sexual assaults is prejudicial but "its prejudicial nature arises from the fact that it was especially probative of Appellant's propensity to prey on underage members of his household"). Appellant attempts to distinguish the assaults based on the ages of the victims (M.L. was twelve, while G.M. was three) and the time of day (M.L. was assaulted in the middle of the day, while G.M. was assaulted in the middle of the night). We do not think that these dissimilar facts are sufficient to make evidence of Appellant's assault of M.L. substantially more unfairly prejudicial than probative. Further, presentation of evidence of Appellant's assault of M.L. was not repetitive and did not take an inordinate amount of time to present. There is no indication in the record that evidence of Appellant's

---

[3] At the same time that Appellant objected to this evidence under Rule 403, he also objected to it under Rule 404. The trial court overruled Appellant's objection noting that the evidence was admissible to show intent, absence of mistake, and lack of accident. *See* TEX. R. EVID. 404(b)(2) (identifying purposes for which extraneous offense evidence may be admissible).

assault of M.L. distracted the jury from the main issues in the case, suggested a decision on an improper basis, or was given undue weight because the jury was ill equipped to evaluate its probative force.  Consequently, we do not find the trial court's admission of evidence of Appellant's assault of M.L. to have been an abuse of discretion.  We overrule Appellant's first issue.

## CONCLUSION

Having overruled Appellant's issues, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice


Do not publish.